Good afternoon, Your Honors. My name is Audrey Wrenchen. I'm the Assistant United States Attorney in Alaska. I'm here today representing the government in an appeal of the district court's order to suppress evidence of child pornography found in the defendant's home pursuant to the execution of a search warrant. That evidence was located on a computer hard drive and two compact disks. I believe the record shows that the district court made two errors in suppressing the evidence in this case. First of all, the court failed to recognize probable cause because the judge did not give deference to the issuing magistrate and also ignored the special expertise of the affluent and ignored evidence that had occurred in 2002 when the child pornography was found. Secondly, the court failed to recognize the Leon Good Faith exception because it, in essence, put an unfair burden on the officer, expecting that officer to have a sophistication of legal knowledge to challenge a finding that a prosecuting attorney and two state court judges found in which they believed probable cause had been stated. The record in the case shows that the defendant was a pedophile, that is, that he had a sexual interest and attraction to children. This pattern of his became known in 1992 when the Anchorage Police Department learned from a 10-year-old child that – Let's stipulate he was a bad guy. I'm sorry, Your Honor. Let's stipulate he was a bad guy. Well, actually, that's not my point in going through the evidence. My point is to show that there were some very distinct patterns demonstrated both in 1992 and in 2002 that, when examined together, would lead to a conclusion that this is the kind of person that would have child pornography in his home. Because he was a pedophile? I'm sorry, Your Honor? Because he was a pedophile? Is that the – Because he was a pedophile, that there was evidence that he was acting in pattern behavior, as pedophiles do, and because he had a computer. He had easy access, and he had demonstrated having – Well, there was – this is the troubling thing here. Let's just take the computer. Of course, there's no evidence he had a computer in 1992, correct? Correct. And so 10 years later, he has a computer, correct? Correct. And there's absolutely no evidence to suggest that he's downloaded pornography from that computer, right? No, but there was – Yes or no? Yes. Okay. So all you have in 2002 to add to your probable cause is that he's acquired a computer, but you have no connection other than a general affidavit that says pedophiles with computers do download. No. We have a continuing pattern of conduct that is similar in 2002 to what happened in 1992. And especially that's important when you look – even though he didn't have a computer in 1992, he did demonstrate that he had pictures of children. He had hand drawings of children in sexually explicit conduct. Right. You know, it seems to me this should have been a state court charge. I mean, in other words, you might have enough that he's a pedophile and he might collect things, but you have nothing in 1992 to connect him to the computer, correct? There were items that at that point in time would be analogous to what the computer offered him in 2002. But you have no evidence that he used a computer to download anything. That's correct. We don't. But we have other evidence. So that's a different situation than the Gord case where he's, you know, spinning the net for Lolita girls, correct? It absolutely is a different situation. Well, I mean, what concerns me is the fact that somebody has a computer and then you link it up with something 10 years ago. All of a sudden, you have, in your view, probable cause to go in and execute on the computer evidence. Is that basically it? No, Judge, it isn't. What you said is partially correct, but it ignores the conduct in 2002 that would show why he would be likely to have child pornography. But the little 9-year-old girl said that he never did anything untoward towards her at all. That's correct. Detective Nadeau, the affiant in the affidavit, though, had experience with children. And, in fact, the child in 1992 had not initially reported the sexual contact and sexual penetration when asked. So Detective Nadeau knew that a denial from a child when confronted with this isn't unusual and isn't a reason to stop looking and to stop the investigation. And there's no evidence that the child said that they played a game on the computer, but there was no evidence that there was anything sexual about anything done on the computer is my recollection. I think from the child's perspective, that's different from the defendant's perspective, though. The defendant showed her picture. How about the mother's perspective? I'm sorry, Your Honor. The mother didn't think so either. That's correct. And the neighbor had some questions about that, whether or not the mother was being attentive. And she felt the responsibility to intervene and to question the child herself about what had happened and to give her pointers about staying away from the defendant. Because even an untrained person knew there was something terribly wrong with a 47-year-old man spending the kind of time and money on a 9-year-old child. There was no explanation for it that seemed benign. And even that neighbor told the police that. And when the police investigated it, that's when they found those links and they found the continuing pattern of evidence, which is recognized by this Court all the time. But a continuing pattern, I mean, back in 1992, there is an allegation, but no charge followed through, correct? That's correct. Although they corroborated later with the girl who grows up. Yes. Okay. That's correct. The defendant left the State. He fled when he was being investigated. And the officer suspended the case because he had left the State and didn't feel she could pursue it. So it seemed to me, though, the lesson we would draw from this if we rule in your favor is once a suspicion for a pedophile, always a suspicion for a pedophile because the tendencies don't go away. If there's evidence of it. Not just a blanket. I'm not saying once a pedophile, always a pedophile. I'm saying once a pedophile, be careful. Look for signs. See if there's any evidence of the same kind of conduct. See if there are patterns as there were in this case. You have one neighbor who's concerned, but you have the child and the mother who say there's none. And there's no other evidence except a neighbor's concern. And that seems to me to be a fairly weak thread to tie 2002. You know, an issuing magistrate will issue an award for the wrong reason or mistakenly. You still have a professional responsibility to know what the Fourth Amendment requires. And I don't think that's asking too much of an officer to know. When you're going to go look for something in somebody's house, you have a reasonable basis for thinking you're actually going to find it rather than speculation or boilerplate. And that's what this was. This was boilerplate with no real effort to link it to Mr. Gonzalez's conduct. And to the extent that it's linked, it's linked based on stale, stale information. And, again, even that stale information contradicts what the officer's opinion was that people in this circumstance collect pornography. Well, if that was true, then it was probable that you would find that in 1992 when they didn't. And so for all of those reasons, I think that the district court was entirely correct. As I said at the outset, this is not a closed case. And with all due respect to the concerns about the good faith, this is not a closed case with regard to the good faith exception. So unless there are questions. Thank you. Thank you for your courtesy. Ms. Renshaw, you may have a minute for rebuttal. Your Honors, the good faith exception is important here. There is no definitive case law on the strength of the inferences that can be drawn from sexual contact, sexual conduct activity with a child and whether or not that is sufficient for probable cause of possession of child pornography. All of the cases on child pornography ask the question, raise the question whether there's evidence of molestation or pedophilia. Why do they do that? Because it's relevant. Because it's important. There's no case law. How is a police officer who knows from her experience that sexual activity with children is, that person is likely to have an interest in child pornography? Keep that in mind. It's very important. And I'll leave you with an analogy. Drugs. Sometimes we have evidence of people using drugs, of having drugs, of distributing drugs, of manufacturing drugs. We have direct evidence. Sometimes we have circumstantial evidence. We might find in a methamphetamine situation that a person has gone out and purchased Sudafed at Walmart, has purchased rubber tubing, has purchased flatware. I can't remember the name of it now. That they purchased iodine. Go ahead. Pyrex dishes. Iodine match strikers. Now, the person at Walmart checking out the customer isn't going to look at all that and say, hmm, I bet this person is getting ready to cook some methamphetamine. But the police officer is certainly going to be wary when he sees all of those elements coming together. And he's going to be even more wary when he finds out that the person has been known, that there's evidence showing that the person has been involved with methamphetamine in the past, and now he's getting right back up and demonstrating his interest in it by going out and buying things. Thank you. I think we have your point on the analogy. Thank both counsel for the argument. The case of United States v. Gonzalez is submitted.
judges: Hug, Ferguson, McKeown